PEOPLE ex rel. CITY OF NEW YORK v. BRONX BATH CO. et al.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

Certiorari by the People, on the relation of the City of New York, against the Bronx Bath Company and others, to review the proceedings of the board of assessors. Writ sustained, and proceedings before the board of assessors dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Clarence L. Barber, for relator.

A. C. & F. W. Hottenroth (Morgan J. O'Brien, of counsel), for defendants.

PER CURIAM. For the reasons stated in the opinion in People ex rel. City of New York v. Sandrock Realty Company, 134 N. Y. Supp. 427, decided herewith, the writ should be sustained, and the proceedings before the board of assessors dismissed.

---

PEOPLE ex rel. CITY OF NEW YORK v. OLSSEN et al.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

Certiorari by the People, on the relation of the City of New York, against Ole Olssen and others, to review proceedings of the board of assessors. Writ sustained, and proceedings before the board of assessors dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Clarence L. Barber, for relator.

A. C. & F. W. Hottenroth (Morgan J. O'Brien, of counsel), for defendants

PER CURIAM. For the reasons stated in the opinion in People ex rel. City of New York v. Sandrock Realty Company, 134 N. Y. Supp. 427, decided herewith, the writ should be sustained, and the proceedings before the board of assessors dismissed.

---

ASPHALT PAVING & CONTRACTING CO. v. CITY OF NEW YORK.
(No. 2.)

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

1. MUNICIPAL CORPORATIONS (§ 368*)—STREET PAVING CONTRACT—NOTICE TO REPAIR.

A paving contract between a city and a corporation required the contractor to keep the pavement in repair for 15 years from its completion, and provided that notice to make repairs should be served on the contractor either personally, or by leaving it at its residence or with its agent in charge of the work. Before the expiration of the 15 years, the corporation was dissolved, and another paving company was appointed its agent to keep the pavement in repair, so that the original company might collect the entire contract price, part of which had been retained by the city as security. Held, that written notice to the agent demanding that it, as a principal, repair the pavement, and not specifying that its liability was because of its agency, was insufficient to put the contractor in default- it not appearing that either the contractor or the agent misled the city officials into believing that the agent was the assignee or successor in interest of the original contractor, and hence the city could not deduct the cost of repairs made by it from the amount due the contractor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes